HANCOCK INSPIRATOR CO. v. HAYDEN & DERBY MFG. CO.

(Circuit Court, S. D. New York. November 23, 1899.)

PATENTS—VALIDITY—IMPROVEMENT IN BOILER FEED INJECTORS.

The Park and Williston patent, No. 614,752, for an improvement in boiler feed injectors, discloses patentable invention, and is not invalidated by abandonment or prior use; nor was it anticipated by anything in the prior art, or by the Huber patent, No. 604,233, which was previously granted, and covers substantially the same invention, independently conceived by Huber, but subsequent to the invention of Park and Williston.

This was a suit in equity for infringement of a patent. On final hearing.

Elmer P. Howe and Odin B. Roberts, for plaintiff.
Wm. Raimond Baird, for defendant.

WHEELER, District Judge. This suit is brought for infringement of patent No. 614,752, applied for August 2, and dated November 22, 1898, and granted to one Park and one Williston, assignors to the plaintiff, for an improvement in boiler feed injectors, whereby the final overflow-valve may be independently closed, leaving the steam-valve free to be opened, and whereby the overflow-valve connections are automatically restored to engagement with the steam-valve mech-

anism. The first claim is for the combination of a rod connecting the steam-valve operating mechanism with the final operating mechanism, provided with a notch adapted to engage with the steam-valve operating mechanism, together with the other well-known parts of such an injector; and the second is for the same combination, with the addition of a guiding surface on the rod adjacent to the notch-opening whereby the notch and a stud attached to the steam-valve operating mechanism are slipped into engagement. The improvement, as understood, is in the notch and the guiding-surface; and there is no question but that the defendant infringes these claims, if they are valid. The defenses set up and relied upon are lack of patentable novelty, laches, abandonment, and being on sale more than two years prior to the application.

The engagement made by this notch sliding to place and dropping astride the stud was before made by turning a clutch, having a projection to take hold of, by hand, over and around the stud, to make the engagement. The projection was in the way of, and the movement of it embarrassing to, the engineer. Notches sliding to place to drop into engagement shown, and well enough known, are relied upon to anticipate, or to narrow within less than patentability, the invention; but none of them in such a machine, with such or similar surroundings. Ingenuity greater than mechanical skill appears to have been necessary to contrive them into use in this combination, and the exercise of it in accomplishing this result by Park and Williston seems well to amount to patentable invention.

Park and Williston appear to have made a full-sized machine embodying this invention in July, 1896. One Jacob Huber, assignor to the defendant, appears to have conceived substantially the same thing independently in December, 1896; to have made a drawing of it in January, 1897; and to have embodied it in a full-sized machine in June, 1897. The plaintiff sold machines embodying it in January, 1898. An application for a patent for it was filed by Huber, assignor, February 12, 1898. Machines embodying it were sold by the defendant soon afterwards. Patent No. 604,233 was granted for it to Huber, assignor, May 17, 1898, before the application of Park and Williston, assignors; and their application was granted without any interference being declared between it and the Huber patent. The being on sale alleged is not satisfactorily proved,—not that the honesty of the witness whose testimony is relied upon to make it out is at all doubted, but no sale is shown or claimed to be shown; and the putting of the machine embodying the invention into the hands of a possible customer by the treasurer of the plaintiff, not a salesman, which does not appear to have come to the knowledge of the salesman through whom a sale would have been made, does not seem to amount to such a putting on sale as would at any time defeat a patent. Huber could not have a valid patent, as this case stands, for Park and Williston clearly preceded him. They did nothing to induce him or his assignees to obtain it, and do not appear to have kept silent when they should have spoken concerning it or the invention. What they did and did not do, or said or did not say, was wholly between themselves. They made application for the patent, within the statute, the

being on sale alleged not being found, and there was no unlawful delay. They merely kept the invention to themselves till they made the application. They gave it to no one, and there is no evidence of any abandonment of it to any one, and so none to all. That some of the officers or agents of the plaintiff may have thought poorly of it would not amount to an abandonment, although it might be evidence of an intention to let it go, which was not carried out. In this view, all these defenses fail. Decree for plaintiff.